FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.   D/F

★ JUL 3 1 2012 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
PERCIDES VASQUEZ SANCHEZ,

         Petitioner,

  -against-

UNITED STATES OF AMERICA,

         Respondent.
----------------------------------------------------------------X

**MEMORANDUM & ORDER**

**10-CV-3653 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

Before the court is Petitioner Percides Vasquez Sanchez's pro se motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. ("Motion") (Docket Entry # 1.) Sanchez challenges her sentence of sixty months for distribution of heroin. Sanchez asserts two claims: (1) that she did not receive effective assistance of counsel at sentencing and (2) that the court erred in not applying the safety valve provision of the United States Sentencing Guidelines at her sentencing. For the reasons set forth below, the Motion is DENIED.

### BACKGROUND

On January 14, 2009, Sanchez was arrested in Queens, New York for distributing heroin in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B)(i). Compl., United States v. Sanchez, No. 09-CR-64 (E.D.N.Y. Jan 15, 1009,) Docket No. # 1 at 5-6.

On July 23, 2009, Sanchez pled guilty to the lesser count in the indictment before Magistrate Judge Ramon E. Reyes, Jr. (Pleading Tr. (Ex. B to Mem. in Opp'n to 2255 Pet. (Docket Entry # 4-3)) at 2, 23.) In her plea agreement, which Sanchez signed, Sanchez agreed not to "file an appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, the conviction or sentence in the event that the court imposes a term of

1

imprisonment of 97 months or below." (Plea Agreement (Ex. A to Mem. in Opp'n to 2255 Pet. (Docket Entry # 4-2)) at 4.) Sanchez acknowledged at the plea hearing that she agreed to the plea deal, that she discussed it with her attorney, and that she waived her right to appeal so long as the sentence was not longer than ninety-seven months. (Pleading Tr. (Ex. B to Mem. in Opp'n to 2255 Pet.) at 9, 14.)

The court sentenced Sanchez to the statutory minimum of five years on March 12, 2010. (Sentencing Tr. (Ex. C to Mem. in Opp'n to 2255 Pet. (Docket Entry # 4-4)) at 2, 9.) The court told Sanchez to discuss with her attorney the right to appeal, even though her right to appeal was extremely limited due to the waiver in the plea agreement. (Id. at 9-10.)

She did not appeal her sentence. Sanchez then timely filed the Motion before the court on August 6, 2010. (Mot. at 1.)

## DISCUSSION

### Standard of Review

Under 28 U.S.C. § 2255, a court may "vacate, set aside or correct" a conviction or sentence "imposed in violation of the Constitution or laws of the United States." However, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Fed. R. Gov. § 2255 Proc. 4(b). In a § 2255 proceeding, the petitioner bears the burden of proof by a preponderance of the evidence. See Triana v. United States, 205 F.3d 36, 40 (2d Cir. 2000).

"When the record clearly demonstrates that the defendant's waiver of her right to appeal a sentence within an agreed Guidelines range was knowing and voluntary," the waiver will be enforced. United States v. Monzon, 359 F.3d 110, 116 (2d Cir. 2004). For ineffective assistance of counsel claims, the Second Circuit has noted that a waiver of the right to appeal is "not

enforceable where the defendant claims that the plea agreement was entered into without effective assistance of counsel." United States v. Hernandez, 242 F.3d 110, 113-14 (2d Cir. 2001). However, a waiver of the right to challenge a sentence does not "become[ ] unenforceable simply because a defendant 'claims' ineffective assistance of counsel." Monzon, 359 F.3d 110, 116 (2d Cir. 2004). Instead, a petitioner must show that the "waiver was *the result of* ineffective assistance of counsel." Id. at 119 (emphasis added). In other words, a petitioner must show that trial counsel was ineffective in advising her to plead guilty, because counsel misled the petitioner either as to her bargaining position, see Parisi v. United States, 529 F.3d 134, 139 (2d Cir. 2008), or as to the consequences of accepting the plea, see Monzon, 359 F.3d at 118. See also United States v. Cano, 494 F. Supp. 2d 243, 248 (S.D.N.Y. 2007) ("Claims of ineffective assistance of counsel can survive § 2255 waivers, but only when the claim relates to the negotiation and entry of a plea or sentencing agreement.").

## Claims

First, Sanchez argues that the court erred in not giving her the opportunity to apply for, and in not applying, the safety valve provision. (Mot. at 4.) She argues that no one explained the safety valve provision to her. (Id.) The safety valve provision allows for the sentencing court to give a sentence below the statutory minimum for certain drug cases. See 18 U.S.C. § 3553(f).

Second, Sanchez argues that she was not afforded effective assistance of counsel. (Id.) She argues that her attorney could have made different arguments at sentencing. (Id.)

## Analysis

Both of Sanchez's claims are denied. The record shows that Sanchez knowingly and voluntarily entered into the plea agreement and waived her right to appeal any conviction below

ninety-seven months. (Pleading Tr. (Ex. B to Mem. in Opp'n to 2255 Pet.) at 27.) At the pleading, she told Magistrate Judge Reyes that she understood she was waiving her right to appeal, as well as other rights she would forego due to the plea agreement. (Id. at 10-14, 20.) Since Sanchez's sentence below the maximum stipulated in the plea agreement, the waiver is enforceable.

In her plea agreement, Sanchez waived her ability to challenge her conviction or sentence. She therefore cannot argue that the safety valve provision should have been applied to her. If the waiver were considered unenforceable as to this claim, it would defeat the purpose of the plea agreement. See United States v. Salcido-Contreras, 990 F.2d 51, 53 (2d. Cir. 1993) ("In no circumstance [ ] may a defendant, who has secured the benefits of a plea agreement and knowingly and voluntarily waived the right to appeal a certain sentence, then appeal the merits of a sentence conforming to the agreement.").

Sanchez's ineffective assistance of counsel claim is also denied. Sanchez does not claim that her attorney provided ineffective assistance when considering entering into the plea agreement or that the waiver of the right to appeal was the result of ineffective assistance of her attorney. Instead, she argues that, during *sentencing*, her attorney could have made different arguments. (Mot. at 4.) Sanchez has not shown that the waiver was *the result* of the ineffective assistance of counsel. See Monzon, 359 F.3d at 119. She has not shown that her attorney misled her regarding her bargaining position or the consequences of accepting the plea agreement. See id. at 118; Cano, 494 F. Supp. 2d at 248. Sanchez, therefore, waived her right to argue that she received ineffective assistance of counsel during her sentencing.

## CONCLUSION

For these reasons, the Motion is DENIED. No certificate of appealability shall issue because Sanchez has not made a substantial showing of the denial of a constitutional right for the purposes of 28 U.S.C. § 2253.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
July 30, 2012

NICHOLAS G. GARAUFIS
United States District Judge